UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTINA HATCH on behalf of CRISTIAN HATCH, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL NO. 1:13cv119 ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) Child's Disability as provided for in the Social Security Act. 42 U.S.C. §416(I); 42 U.S.C. §423; 42 U.S.C. §§ 1382, 1382c(a)(3). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that a child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations.". 42 U.S.C. §1382c(a)(3)(C)(1). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. See Jeralds v. Richardson, 445 F.2d 36 (7th Cir. 1971); Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." Garfield v. Schweiker, 732 F.2d 605, 607 (7th Cir. 1984) citing Whitney v. Schweiker, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rhoderick v. Heckler, 737 F.2d 714, 715 (7th Cir. 1984) quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); see Allen v. Weinberger, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." Garfield, supra at 607; see also Schnoll v. Harris, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant was born on August 30, 2005. Therefore, he was a preschooler on October 15, 2009, the date the application was filed, and is currently a preschooler (20 CFR 416.926(g)(2)).

2. The claimant has not engaged in substantial gainful activity since October 15, 2009, the application date (20 CFR 416.924(b) and 416.971 *et seq*.).

3. The claimant has the following severe impairments: Asthma; Sinusitis and Attention Deficit Hyperactivity Disorder (ADHD) (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR

>   Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926(a)).
>
> 6. The claimant has not been disabled, as defined in the Social Security Act, since October 15, 2009, the date the application was filed (20 CFR 416.924(a)).

(Tr. 16-23).

The regulations prescribe a three-step sequential evaluation process to determine whether a child's impairments result in marked and severe functional limitations:

>   Step one: If a child is engaged in substantial gainful activity, he is not disabled. 20 C.F.R. § 416.924(b).
>
>   Step two: If a child's impairment(s) are not severe, i.e., causes no more than minimal functional limitations, he is not disabled. 20 C.F.R. § 416.924(c).
>
>   Step three: If a child's impairment(s) do not meet, medically equal, or functionally equal the listings (20 C.F.R. Pt. 404, Subpt. P, App. 1), he is not disabled. 20 C.F.R. § 416.924(d).

In the present case, Plaintiff only challenges whether Cristian's impairment (or combination of impairments) meets or medically equals a listed impairment.

On October 15, 2009, Plaintiff (Cristian's mother) protectively filed an application for child's SSI benefits, on behalf of Cristian, due to asthma (Tr. 122-24, 136, 140). On April 29, 2011, Plaintiff, with Cristian and their attorney present, testified at an administrative hearing before Administrative Law Judge (ALJ) John S. Pope (Tr. 52-70). On August 23, 2011, the ALJ rendered a decision finding that Cristian was not disabled because his condition did not meet, medically equal, or functionally equal any listed impairments (Tr. 13-24). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision

the final decision of the Commissioner (Tr. 1-3). 20 C.F.R. § 416.1481.

In November of 2009 Dr. Steven Roush, a non-examining state agency doctor, found that Cristian had asthma and does not meet or equal a listing. (Tr. 245-250) Dr. Roush found that he had been seen in the office in December of 2008 and October of 2009, and he had received oral steroids as well as being on a regular bronchodilator. (Tr. 248) Dr. Roush noted that Cristian had a long symptom free interval and good growth. (*Id*.)

In January of 2010 Cristian saw Dr. J. Veerula, his pediatrician, for an asthma check. (Tr. 254) His mother reported that she had been giving him Pulmicort every day, and he was also receiving Albuterol up to four times a day for the past week. (*Id.*) His current medications were: Singulair tabs, Claritin syrup, Albuterol solution for nebulizer, and Pulmicort respules. (*Id*.) On physical exam he had mild nasal congestion, a wheeze with cough only, and bilateral wheezes. (*Id*.) The diagnosis was asthma with acute exacerbation. (*Id*.) Procedure included administration of Decadron. (*Id*.) He was also started on Orapred suspension.(*Id*.)

In February of 2010 Cristian saw Dr. Veerula again for asthma issues including a runny nose and cough. (Tr. 256) His complaints were a runny nose with thick greenish nasal discharge and a cough. (*Id.*) His medications were Albuterol solution for nebulizer, Pulmicort respules, Orapred, Singulair tabs, and Claritin syrup. (*Id.*) On exam he had mild nasal congestion and purulent nasal discharge. (*Id*.) The diagnosis was acute sinusitis and nasal congestion. (*Id*.) The doctor started Amoxil liquid and Ceron DM liquid. (*Id.*) On February 25, 2010 Dr. Veerula saw Cristian again for asthma issues, as it was felt his nebulizers were not working enough. (Tr. 251) His mother said there was wheezing and a lot of coughing at night and when he was active. (*Id*.) His current medications included Albuterol solution for nebulizer, Pulmicort respules, and

Singulair tabs. (*Id*.) On physical exam he had mild nasal congestion. (*Id*.)

Cristian was seen again by Dr. Veerula in March of 2010 for asthma problems including green mucous. (Tr. 375) There were complaints of a cough for one week using Albuterol MDI or nebulizer. (*Id*.) There was also a complaint of wheezing. *(Id.)* On physical exam there was mild congestion and no wheezing. (*Id*.) The doctor found asthma with acute exacerbation. (*Id*.) The doctor continued Amoxil liquid, Albuterol, Pulmicort and Singulair for the exacerbation. (Tr. 376)

In March of 2010 Dr. Joseph Gaddy, a non-examining state agency doctor, and Dr. J. Gange, a non-examining state agency psychologist, found that Cristian had ADHD and asthma but he did not meet or equal a listing. (Tr. 260-265) The doctors noted that his medications were Pulmicort, Albuterol, and Singulair, and that he had a recent asthma exacerbation in January of 2010. (Tr. 263) They also noted that he was occasionally treated with oral steroids. (*Id*.)

In April of 2010 Cristian saw Dr. Veerula for green drainage and asthma issues. (Tr. 377) He was on Pulmicort respules, Albuterol solution for nebulizer, and Singulair. (*Id*.) On physical exam he had moist mucous membranes. (*Id.*) Dr. Veerula found asthma but not an exacerbation. (*Id*.) He started Rondec DM syrup as well as ProAir HFA aerosol with adapter and Qvar 40 inhaler. (*Id*.) A day later Cristian was seen by Dr. Deepkaran Reddy for hoarseness and sinus problems. (Tr. 437) Dr. Reddy added Nesacorx AQ, continued Singulair, and added Omnicef for six weeks at 300 mg daily. (*Id*.)

Cristian was seen by Dr. Veerula again in May of 2010 because his asthma was acting up, and reportedly coughing a lot, mostly at night. (Tr. 373) The physical exam was normal. (*Id*.) Cristian's medications were ProAir HFA CFC and Qvar 40 inhaler. (*Id*.) The primary diagnosis

5

was asthma without status asthmatic, NOS. (*Id*.) Dr. Veerula continued ProAir HFA aerosol with adapter and Qvar 40 inhaler. (*Id*.) He also started Singulair tabs, chewable and Orapred suspension, 15 mg/5ml. (*Id*.) Ten days later Cristian saw Dr. Veerula for a checkup. (Tr. 370) His energy level was decreased, and he was fussy at bedtime. (Tr. 370) On physical exam he had no wheeze. (*Id*.) He asthma was considered stable. (*Id*.) He present medications were Veramyst 27.5 mg/spray, ProAir HFA CFC, Qvar 40, and Singulair tabs. (*Id*.)

Cristian saw Dr. Veerula again in mid-June for asthma and behavior issues. (Tr. 368) The complaints were a runny nose for several days, an inability to sleep at night due to a cough, and wheezing on Albuterol and Pulmicort. (*Id*.) At that time he was on Singulair tabs, Albuterol, and Pulmicort. (*Id*.) The physical examination was normal. (*Id*.) The diagnosis was asthma, NOS. (*Id*.) The doctor continued the Singulair tabs and Qvar inhaler, but he added a Ventolin HFA inhaler. (*Id*.)

In July of 2010 Cristian saw Dr. Veerula for a cough, runny nose, and fever. (Tr. 372) On physical exam he had mild nasal congestion. (*Id*.) He was on Vyvanse 20 mg, Singulair tabs, Qvar, and Ventolin HFA inhaler. (*Id*.) The diagnosis was acute sinusitis and nasal congestion. (*Id*.) For the sinusitis Amoxil liquid was started. (*Id*.) Dr. Reddy saw Cristian in August of 2010 and the doctor noted that his voice was still hoarse but his cough had improved and there was no nasal drainage. (Tr. 435) The doctor added Prevacid. (*Id*.)

In September of 2010 Cristian saw Dr. Veerula for a checkup. (Tr. 477) His energy level was decreased, and he was fussy at bedtime. (*Id*.) On physical exam there were no wheezes. (*Id*.) The current medications were Vyvanse, Singulair tabs, Qvar, Ventolin HFA, and Claritin. (*Id*.) Dr. Veerula found that the asthma was fairly well controlled at that point, but he restarted

Vyvanse. (Tr. 478) Dr. Veerula saw him two months later in November for coughing, wheezing, a runny nose, and a fever. (Tr. 476) He continued on Vyvanse, Singulair tabs, Qvar, Claritin, Ventolin HFA, and Ibuprofen liquid. (*Id*.) The physical exam was negative. (*Id*.) The doctor added Rondec-DM syrup. (*Id*.) Dr. Veerula saw him a week later for a cough and green drainage. (Tr. 474) He complained of nasal congestion, coughing quite a bit a night, and wheezing at night with green drainage. (*Id*.) He was on Qvar, Ventolin HFA, and Orapred 15 mg/5mL. (*Id*.) On physical exam he had mild nasal congestion and purulent nasal discharge. (*Id*.) Dr. Veerula found an acute exacerbation of asthma. (*Id*.) The doctor started Omnicef liquid, Symbicort aerosol with adapter, Ventolin HFA inhaler, and Singulair tabs. (*Id*.) He also referred him for an MDI Aero chamber. (*Id*.) Decadron was administered in the office. (*Id*.) Cristian was seen again December of 2010 by Dr. Veerula with coughing, wheezing, a runny nose, congestion, and restlessness. (Tr. 479) He was on Symbicort, Ventolin HFA, and Singulair tabs. (*Id*.) Dr. Veerula diagnosed acute exacerbation of his asthma. (*Id*.) He started Advair HFA aerosol with adapter and Motrin Children's suspension. (*Id*.)

In January of 2011 Cristian saw Dr. Veerula claiming a green nasal discharge and a cough. (Tr. 497) He was on Advair HFA, Singulair tabs, and ProAir HFA. (*Id*.) On physical exam he had mild nasal congestion and purulent nasal discharge. (*Id*.) Dr. Veerula diagnosed acute sinusitis, nasal congestion, and a cough. (*Id*.) He started Sulfamethoxazole-Trimethoprim suspension, Veramyst nasal spray, and Allegra. (*Id*.)

In late January Cristian was at the Lutheran Hospital ER for a fever and sore throat. (Tr. 481) The symptoms had started on that day. (*Id*.) On physical exam there was no wheezing. (Tr. 482) A chest x-ray showed pneumonia. (*Id.*) He was given a dose of Rocephin and Tylenol. (*Id*.)

7

He was discharged in stable condition. (*Id.*) Azithromycin was added to his medications. (*Id.*)

In February of 2011 Cristian saw Dr. Veerula for a follow-up on his pneumonia. (Tr. 493) He was on Ibuprofen, Tylenol Children's, Veramyst, Advair HFA, Singulair tabs, ProAir HFA, Albuterol nebules, and vitamin daily multivitamin. (*Id.*) On physical exam he had mild nasal congestion and coarse breath sounds on auscultation. (*Id.*) The assessment was pneumonia, cough, and exacerbation of asthma. (*Id.*) A steroid injection was given. (*Id.*) He was seen again in March of 2011 for a flu shot, a cough, a runny nose, sneezing, and nasal congestions. (Tr. 490) His medications included Pulmicort respules, Albuterol nebules, Singulair chewable, Veramyst, Advair HFA, and ProAir HFA. (*Id.*) Physical exam was normal.

In support of a remand, Plaintiff argues that the ALJ's evaluation of whether Cristian met Listing 103.03C2 was perfunctory. Failure to discuss or even cite a listing, combined with an otherwise perfunctory analysis, may require remand. *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott v. Barnhart*, 297 F.3d 589, 596 (7th Cir. 2002).

In the present case, although the ALJ mentioned Listing 103.03 in his decision, he did not discuss or mention specifically 103.03C2 which involves steroid treatment. Specifically the listing is set out below:

> Listing 103.03Asthma. *With*:
>
> ***
>
> C. Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following:
>
> 1. Persistent prolonged expiration with radiographic or other appropriate imaging techniques evidence of pulmonary hyperinflation or peribronchial disease; or

8

>   2. Short courses of corticosteroids average more than five days per month for at least 3 months over a 12-month period …

There are essentially three elements necessary to prove this listing and some are in the alternative as follows:

>   (1)   Asthma,
>
>   (2)   Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods acquire a timed and nocturnal use of sympathomimetic bronchodilators, and
>
>   (3)   Short courses of corticosteroids.

Plaintiff points out that there is no dispute that Cristian has asthma. Both of the State agency doctors found that Cristian had asthma. (Tr. 245 and 260) Dr. Veerula, his pediatrician, and Dr. Reddy, his pulmonologist, also found this as a diagnosis. (Tr. 254 and 35) Thus, it is clear that Cristian meets the first element of this listing.

The Plaintiff also contends that Cristian has an absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators. The treatment records show that on January of 2010 through and including March of 2011 Cristian at least had one symptom of asthma as indicted in the medical records for all but three months.  Plaintiff further points out that Christian needed sympathomimetic bronchodilators daytime and nocturnal. (Tr. 251, 254, 256, 368, 372, 373, 375, 377, 474, 477, 490, 493, and 497). Thus, Plaintiff contends that Cristian meets the second element of the Listing.  The Plaintiff also notes that Cristian does have persistent low-grade wheezing between attacks. Wheezing was a symptom or found on physical examination in five of the 15 months beginning in January of 2010. (Tr. 251, 254, 375, 476, and 479) Thus, Plaintiff contends that Cristian meets this element

9

in the alternative.

Additionally, Cristian was taking Orapred which is a corticosteriod in January of 2010, February of 2010, May of 2010, and November of 2010. (Tr. 254, 256, 373, and 474) Thus, he meets the third and last prong of the listing.

The Plaintiff contends that, although Cristian's representative advocated both prior to the hearing and at the hearing for the ALJ to consider this listing and provided evidence to support the argument, the ALJ did not specifically review this portion of the listing (Tr. 55-56 and 190-91).  Thus, the Plaintiff claims that the ALJ's review was perfunctory.  The Plaintiff further notes that the ALJ failed to call a Medical Expert (ME) at hearing or submit interrogatories pre- or post-hearing.

In response, the Commissioner does not dispute that Cristian has asthma and that he required short courses of corticosteroids.  The Commissioner claims, however, that the medical evidence suggests that Cristian's asthma was controlled except for occasional exacerbations. The Commissioner argues that the treatment record shows that Cristian had frequent upper respiratory infections, and an ear infection on two occasions, where the focus of treatment was not asthma.  Thus the Commissioner concludes that Plaintiff is unable to demonstrate the requisite "absence of extended symptom-free periods" to meet the requirements of Listing 103.03(C).

Plaintiff points out, however, that the state agency physician who reviewed Cristian's records in March of 2010, Dr. Joseph Gaddy, was the last doctor to do so.   Plaintiff has provided a chart on page 11 of her brief which details the instances in the record where Cristian was seen for asthma symptoms.  The dates on this chart range from January 2010 through March

2011.  Cristian had wheezing in January, February, March, November and December of 2010.  He had coughing in January, February, March, May, June, July, August, November and December of 2010, and also in January, February, and March of 2011.  Plaintiff argues that since Dr. Gaddy did not have all of the treatment records when he did his review in March of 2010, the ALJ is essentially "playing doctor" by relying on his own judgment to determine whether Cristian's symptoms after March 2010 were due to colds or due to asthma.  If, as Plaintiff asserts, some of Cristian's post-March 2010 symptoms were due to asthma, then he clearly satisfies the criteria of Listing 103.03C.  Accordingly, as the ALJ was not qualified to make the medical determination that Cristian's symptoms were not due to asthma, the case must be remanded.  *Wolfe v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003).

Additionally, as Plaintiff notes, the post-March 2010 treatment records show that Cristian had wheezing in November and December of 2010.  These two additional episodes of wheezing could very well satisfy the first prong of Listing 103.03C ("persistent low-grade wheezing between acute attacks"), but were not considered by any reviewing medical doctor.  Thus, the case also needs to be remanded for consideration of this factor.

Therefore, the court will remand this case back to the Commissioner for further proceedings.  The medical evidence identified by the Plaintiff must be evaluated by a qualified medical doctor, either by way of a state agency review, by post-hearing interrogatories, by a designated Medical Expert at a new hearing, or some other review that is satisfactory to both parties.

## Conclusion

On the basis of the foregoing, this case is hereby REMANDED to the Commissioner for

proceedings consistent with this Opinion and Order.

Entered: March 5, 2014.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court